IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT ALLEY, | § | |
| | § | No. 418, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0707012162 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 1, 2015
Decided: November 13, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 13th day of November, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, Robert Alley, filed this appeal from the Superior Court's order dated July 28, 2015, which summarily denied his "motion to reopen judgment" and enjoined any future request for relief unless the Superior Court grants permission for the filing. The State of Delaware has moved to affirm the Superior Court judgment on the ground that it is manifest on the face of Alley's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Alley pled guilty in December 2008 to Resisting Arrest and Criminal Impersonation and was sentenced to two years at Level V suspended after three months for one year of probation. Alley completed the sentence in August 2011.

(3) In 2013, Alley was charged in a new criminal case with two counts of Robbery in the First Degree and one count of Wearing a Disguise During the Commission of a Felony.[1] If convicted of the new charges, Alley appeared to be at risk of receiving an enhanced sentence because of his prior convictions, including his 2008 guilty plea. In an effort to avoid the possibility of an enhanced sentence, Alley began challenging his 2008 guilty plea.

(4) Alley first challenged the 2008 guilty plea in a motion for postconviction relief. The Superior Court denied the motion, and on appeal, this Court affirmed.[2] Alley then filed a motion to withdraw the guilty plea, which the Superior Court denied. And in December 2014, this Court dismissed Alley's petition for a writ of certiorari, which was another attempt

---

[1] The Court has taken judicial notice of the proceedings in *State v. Alley*, Del. Super., Cr. ID No. 1212019156. Ultimately, Alley pled guilty to robbery in the second degree, was declared a habitual offender, and received an enhanced sentence. The conviction and sentence were affirmed on appeal. *Alley v. State*, 2015 WL 4511348 (Del. July 24, 2015).

[2] *State v. Alley*, 2014 WL 605440 (Del. Super. Feb. 14, 2014), *aff'd*, 2014 WL 7009961 (Del. Nov. 20, 2014).

to challenge the guilty plea.[3]  Alley also turned to the federal court for relief from the guilty plea, filing a "petition for a writ of error coram nobis" and a request for a "writ of audita querela" in December 2014.[4]  In October 2015, the U.S. District Court dismissed the writs for lack of jurisdiction.[5]

(5)　In June 2015, Alley challenged the 2008 guilty plea in a "motion to reopen judgment" filed under Superior Court Civil Rule 60(b).  By order dated July 28, 2015, the Superior Court denied the motion and ordered that Alley would not be permitted to file a future request for relief concerning the 2008 guilty plea unless a Superior Court judge approved the filing.  This appeal followed.

(6)　Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court's order of July 28, 2015 denying Alley's "motion to reopen judgment" should be affirmed.  Superior Court Civil Rule 60(b) cannot be used to reopen a judgment in a criminal case.[6]

---

[3] *In re Alley*, 2014 WL 7251989 (Del. Dec. 18, 2014).

[4] *Alley v. State*, 2015 WL 6087339, at *3 (D. Del. Oct. 15, 2015).

[5] *Id.*

[6] *Jackson v. State*, 2007 WL 2231072 (Del. Aug. 2, 2007) (affirming the Superior Court's decision that Civil Rule 60(b) could not be used to collaterally attack a criminal conviction).

3

Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a conviction.[7]

(7)     Alley has no standing to challenge the 2008 guilty plea under Superior Court Criminal Rule 61 because he is no longer in custody on the convictions in that case.[8] The Court has previously rejected Alley's argument that he has standing to challenge the 2008 guilty plea because the convictions in that case were used to qualify him for an enhanced sentence in the robbery case.[9] Under these circumstances, and in view of Alley's persistent efforts to seek relief from the 2008 guilty plea notwithstanding the futility of those efforts, we endorse the Superior Court's rejection of any future requests for relief from the 2008 guilty plea unless the filing first is approved by a judge of that court.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[7] *Id.* (citing Del. Super. Ct. Crim. R. 61(a)).

[8] *See, e.g., Coleman v. State*, 2015 WL 5096047, at *2 (Del. Aug. 27, 2015) (recognizing that a defendant who is not subject to custody on a conviction lacks standing to seek relief under Rule 61).

[9] *See id.* (citing *Short v. State*, 2015 WL 4199849 (Del. July 9, 2015)).